**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 09-30742

KHADER MOURAD SAKALLA
f/d/b/a DECO CONSTRUCTIONS
MELANIE SUE HAWS SAKALLA
f/d/b/a KMS PROPERTIES
a/k/a MELANIE SUE HAWS

Debtors

MOTHANAH AWAD

Plaintiff

v.    Adv. Proc. No. 09-3069

KHADER MOURAD SAKALLA
MELANIE SUE HAWS SAKALLA

Defendants

**MEMORANDUM ON
MOTION TO DISMISS**

**APPEARANCES:**    MORTON & MORTON, PLLC
J. Myers Morton, Esq.
1518 North Broadway
Knoxville, Tennessee 37917
Attorneys for Plaintiff

LAW OFFICES OF MAYER & NEWTON
John P. Newton, Jr., Esq.
1111 Northshore Drive
Suite S-570
Knoxville, Tennessee 37919
Attorneys for Defendants/Debtors

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Adversary Complaint of Mothanah Awad to Determine Dischargeability of Debt Under 11 U.S.C. §§ 523(a)(2), (4) and (6) (Complaint) filed by the Plaintiff on May 26, 2009, asking the court to determine that a debt in the amount of $67,000.00 owed to him by the Defendants is nondischargeable under 11 U.S.C. § 523(a)(2), (4), and/or (6) (2006).[1] The Defendants filed a Motion to Dismiss on October 19, 2009, arguing that the Plaintiff has failed to state a claim upon which relief can be granted. Pursuant to E.D. Tenn. LBR 7007-1, the Plaintiff's Response to Motion to Dismiss Complaint (Response) was filed by the Plaintiff on November 9, 2009.

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief[;]" *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); however, even though all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory."

---

[1] Although not supported by any factual allegations in the Complaint, the Plaintiff, in the prayer for relief, also seeks an order pursuant to 11 U.S.C. § 727(a)(2) and (6)(A) (2006) denying the Defendants a discharge.

2

*League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a). As required by FED. R. CIV. P.9 (b),[2] made applicable to adversary proceedings by Rule 7009 of the Federal Rules of Bankruptcy Procedure, "[a]verments of fraud must be stated with particularity[, and] the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted). In order "to satisfy . . . Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'" *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)). The court should not rely upon any documents other than the pleadings, although it may rely upon authenticated public records or other documents appropriately encompassed by judicial notice set forth in Rule 201 of the Federal Rules

---

[2] Specifically, Rule 9(b) provides:

**(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b).

of Evidence, *Perry v. EMC Mortgage Corp. (In re Perry)*, 388 B.R. 330, 334 (Bankr. E.D. Tenn. 2008), and if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 [and a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). In this case, the Defendants attached as an exhibit to their Motion to Dismiss a document entitled "Award of Arbitrator;" however, none of the formalities required for a motion for summary judgment were followed nor is the document properly authenticated or otherwise admissible under the Federal Rules of Evidence. The court will not, therefore, consider this document submitted by the Defendants outside the scope of the pleadings in deciding the Motion to Dismiss.

The Plaintiff requests a judgment in the amount of $128,137.71, representing the debt trebled pursuant to the arbitration award, and a determination that this sum is nondischargeable under § 523(a)(2), (4), and/or (6). To satisfy § 523(a)(2)(A), the Plaintiff must prove that the Defendants (1) obtained something of value through material misrepresentations that they knew were false or that they made with gross recklessness, (2) that they intended to deceive the Plaintiff, (3) that the Plaintiff justifiably relied on the Defendants' false representations, and (4) that the Plaintiff's reliance was the proximate cause of his losses. *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 760 (Bankr. E.D. Tenn. 2003). Establishment of a prima facie case of defalcation under § 523(a)(4), as pled by the Plaintiff, requires the following: "1) a fiduciary relationship; 2) breach of that fiduciary relationship; and 3) a resulting loss[. . . and] is limited to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor." *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178-80 (6th Cir. 1997).

Nondischargeability for a willful and malicious injury through conversion of property under § 523(a)(6) requires the Plaintiff to prove the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury," *Kawaauhau v. Geiger*, 118 S. Ct. 974, 977 (1998), and proof that the Defendants either desired to cause the consequences of their actions or they believed with reasonable certainty that such consequences would occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999).

In their Motion to Dismiss, the Defendants argue that there were no "loans" made to the Plaintiff by the Defendants and that the Plaintiff had failed to allege any facts to support his claim of fraud, defalcation, and intentional injury. The court disagrees. In his Complaint, the Plaintiff alleges that the Defendants, through their corporation, Deco Construction, Inc., made false representations to him concerning its licensing as a general contractor in the State of Tennessee and that the Defendants entered into and personally guaranteed a contract with the Plaintiff for the construction of a commercial building but failed to construct it in a workmanlike manner, including among other things, failing to timely obtain a building permit, supervise the work, hiring unqualified persons, and incorrectly placing the building in a flood zone. He also avers that the Defendants knew and concealed the building's deficiencies, thereby increasing the Plaintiff's damages, that they conspired with an architect to further defraud the Plaintiff, that they commingled the Plaintiff's advanced payments with other funds, and that they took four draws totaling $67,000.00 for purposes other than the construction of the building. In support of his allegations, the Plaintiff stated specific facts and attached to the Complaint copies of the Contractor Agreement and Guaranty Agreement forming the initial basis for the debt owed to the Plaintiff, and while he references the arbitration

award in his prayer for relief, it is not fatal that the Plaintiff did not attach that document to the Complaint.

Taking the Complaint in a light most favorable to the Plaintiff, the court finds that he has pled sufficient facts and provided the Defendants with sufficient notice of the claims being asserted and the relief sought against them. Accordingly, the Defendants' Motion to Dismiss filed on October 19, 2009, shall be denied with respect to all § 523(a) averments.

The Plaintiff also, in his prayer for relief, asks that the court deny the Defendants a discharge pursuant to 11 U.S.C. § 727(a)(2) and (6)(A). This portion of the Complaint shall be dismissed. Section 727(a)(2) requires proof that the Defendants disposed of property within one year of the filing of their bankruptcy petition and that they did so with a subjective intent to hinder, delay, or defraud creditors. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683-84 (6th Cir. 2000). Section § 727(a)(6) requires proof that the Defendants have "refused, in the case – to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]." 11 U.S.C. § 727(a)(6)(A) (2006). The Plaintiff did not assert an objection to discharge in the Complaint, and with the sole exception of the prayer for relief, did not reference § 727(a), nor did he plead sufficient facts in support of an objection to discharge.

An order consistent with this Memorandum will be entered.

FILED:  February 24, 2010

                              BY THE COURT

                              */s/  RICHARD STAIR, JR.*

                              RICHARD STAIR, JR.
                              UNITED STATES BANKRUPTCY JUDGE